IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:04-CR-0032 (01) |
| | § | |
| RICK BLANKENSHIP | § | |

**REPORT AND RECOMMENDATION TO DENY MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant RICK BLANKENSHIP has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's motion is without merit and should be DENIED.

I.
PROCEDURAL HISTORY

On May 27, 2004, defendant pled guilty, pursuant to a plea agreement, to two (2) counts of a three-count superseding indictment alleging (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and (2) possession of stolen motor vehicles in violation of 18 U.S.C. § 2313. In the plea agreement, defendant acknowledged the maximum punishment for the offenses was imprisonment for a period not to exceed 20 years.

On August 19, 2004, the Government filed a motion requesting the Court impose defendant's sentence under both the mandatory United States Sentencing Guidelines and under a discretionary indeterminate sentencing system treating the Guidelines as advisory only. In the

motion, the Government noted the current Fifth Circuit law held that *Blakely* did not extend to the Federal Sentencing Guidelines.  The Government further noted, however, that the Supreme Court had granted certiorari to determine *Blakely's* effect on the guidelines and that the Supreme Court might hold that *Blakely* precluded application of the guidelines based on judge-made factual findings in a given case.  The Government argued the court's imposing an alternative sentence under 28 U.S.C. § 3553(a), treating the guidelines as advisory, would save valuable judicial and prosecutorial resources should the Supreme Court, in fact, declare that *Blakely* applies.

     The Presentence Investigation Report (PSR) in this case noted the statutory maximum imprisonment sentence for both Count 1 and Count 2 was ten (10) years each.  *See* 18 U.S.C. §§ 924(a)(2) and 2213(a).  The PSR noted the Base Offense Level (BOL) for the felon in possession of a firearm count was 14.  The BOL was increased by 2 levels pursuant to § 2K2.1(b)(4) because the firearm was found to be stolen, resulting in an adjusted offense level of 16.  The BOL for the possession of stolen motor vehicles was 6, but was increased by 8 levels pursuant to § 2B1.1(b)(1)(E) due to the amount of the loss.  The BOL was also increased by an additional 2 levels pursuant to § 2B1.1(b)(8)(C) because the offense was found to involve sophisticated means, resulting in an adjusted offense level of 16.  Under the multiple-count adjustment provisions of § 3D1.4, the adjusted offense level was increased by 2 levels, resulting in a combined adjusted offense level of 18.  After awarding defendant a 3-level adjustment for acceptance of responsibility, defendant's total offense level was 15 under the Federal Sentencing Guidelines.

     Based on his prior criminal convictions, defendant's criminal history score was 7.  However, 2 points were added because defendant committed the instant offense while on parole, and 1 point was added because defendant committed the instant offense less than two years after his release from imprisonment.  Consequently, defendant's total criminal history score was 10, resulting in a

Criminal History Category of V under the Federal Sentencing Guidelines. The PSR indicated that, based on the Criminal History Category of V and the Total Offense Level of 15, the Guideline Range of Imprisonment was 37 to 46 months.

Defendant, through his counsel of record, objected to the 2-level enhancement for the gun being stolen, the 8-level enhancement for the amount of the intended loss, the 2-level enhancement for the use of sophisticated means, the 2-point enhancement for being on parole at the time of the instant offense, and the 1-point enhancement for committing the instant offense less than two years after his release from imprisonment, based upon *Blakely v. Washington*, 124 S.Ct. 2531 (2004). An addendum to the PSI was submitted in which the objected to enhancements were still included, citing *United States v.Pineiro*, 377 F.3d 464, 473 (5th Cir. 2004) for the holding that *Blakely* does not apply to the Federal Sentencing Guidelines and, thus, the inclusion of the enhancements was proper.

At the sentencing hearing held August 20, 2004, the United States District Judge, pursuant to the Sentencing Reform Act of 1984, followed the guidelines and sentenced defendant to 46 months imprisonment for each count, well under the 10-year statutory maximum term of imprisonment on each count. The sentences were ordered to run concurrently. At sentencing, the District Judge also stated, on the record, that if the guidelines were subsequently declared unconstitutional and defendant appeared for re-sentencing, that a sentence of 60 months would most likely be imposed.[1] Defendant signed a Waiver of Appeal and did not directly appeal his conviction or sentence. Defendant's conviction became final on August 30, 2004, upon the expiration of time for filing a notice of appeal. *See* Fed. R. App. Proc. 4((b)(1)(A)(i).

On July 25, 2005, defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging the 2-level enhancement based on the firearm being

---

[1] *See* Trial Counsel's Response to [Defendant's Pro Se] Motion to Compel filed March 31, 2005, which was not refuted by defendant.

stolen, the 8-level enhancement based on the amount of the intended loss, and the 2-level enhancement based on the use of sophisticated means were improper because the facts supporting these enhancements were not submitted to and found true by a jury, nor were they admitted to by defendant. Defendant further argues the 2-point increase to his criminal history calculation for committing the offenses while on parole, and the 1-point increase for committing the offense less than two (2) years after being released from prison, were unconstitutional. The government has not been ordered to file a response to defendant's motion.

## II.
## CLAIMS

### *Apprendi* Claim

Defendant argues his August 20, 2004 sentence violates the United States Constitution under the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Supreme Court held the Constitution requires any fact which increases the penalty for a crime *beyond the prescribed statutory maximum*, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2362-2363.

*Apprendi* addressed only cases where the penalty for the crime *exceeded the prescribed statutory maximum* due to facts other than a prior conviction. Here, defendant pled guilty to, and was convicted of, felon in possession of a firearm and possession of stolen motor vehicles. Pursuant to 18 U.S.C. §§ 924(a)(2) and 2213(a), the statutory maximum punishment was a 10-year term of imprisonment on each count.[2] The trial court assessed defendant's punishment at 46 months

---

[2] Defendant acknowledged in his plea agreement that he was subjected to a 20-year term of imprisonment for the offenses to which he was pleading guilty.

imprisonment for each count, a length which is clearly <u>under</u> *the statutory maximum sentence* of 10 years for each of his offenses. *Apprendi* is not applicable to this case and no *Apprendi* error has been shown.

### *Blakely* and *Booker*

Defendant also argues his sentence is unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004). *Blakely* concerned a state's sentencing procedure which allowed a state judge to impose a sentence *above the offense's maximum punishment* if the judge found aggravating factors justified such an upward departure. In *Blakely*, the state sentencing judge determined such factors existed and sentenced the defendant to more than three (3) years *above the maximum sentence* established by the standard range. The Supreme Court found the facts supporting the state judge's finding were neither admitted by petitioner nor found by a jury. Noting the jury's verdict alone did not authorize the sentence, the Supreme Court found the state's sentencing procedure did not comply with the Sixth Amendment right to trial by jury.

When defendant BLANKENSHIP was sentenced on August 20, 2004, the law in the Fifth Circuit held that *Blakely* did not extend, or apply, to the federal Sentencing Guidelines. *United States v. Pineiro*, 377 F.3d 464, 473 (5th Cir. July 12, 2004); *see also United States v. Cuellar,* 2004 WL 1854504, *1 (5th Cir. Aug. 18, 2004). Therefore, under the law of this circuit at the time of defendant's sentencing, application of any enhancements to the Federal Sentencing Guideline range of punishment was appropriate and was not unconstitutional based upon *Blakely*.

On January 12, 2005, the United States Supreme Court handed down its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621(2005), whereby it extended the rules announced in its prior decisions of *Apprendi* and *Blakely* to the federal Sentencing Guidelines.

The Court held:

> Accordingly, we reaffirm our holding in *Apprendi*:  Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Booker*, 543 U.S. at 244, 125 S.Ct. 756.  A different majority of the Court then excised certain statutory provisions that had made the Guidelines mandatory, thereby rendering the Guidelines advisory.  *Id.* at 756-57.

Defendant BLANKENSHIP's conviction became final on August 30, 2004, upon the expiration of the time in which to file a notice of appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Consequently, defendant's conviction became final <u>before</u> *Booker* was decided.  *Booker* would have to be given retroactive effect for it to be applied to defendant's case.  On April 28, 2005, the Fifth Circuit held *Booker* did not apply retroactively in successive motions brought under 28 U.S.C. § 2255.  *In re Elwood*, 408 F.3d 211, 213 (5th Cir.2005).  On December 8, 2005, the Fifth Circuit held *Booker* does not apply retroactively to cases on collateral review and therefore, the holding does not apply to an initial 28 U.S.C. § 2255 motion such as defendant's.  *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005).  Therefore, under the law of this circuit, neither defendant's *Blakely* claim or his *Booker* claim are cognizable on collateral review by this 2255 motion.  Defendant's claim that his sentence, assessed under the federal Sentencing Guidelines, is unconstitutional and should be vacated, based upon *Blakely* and *Booker*, is without merit.

Even if *Booker* were given retroactive effect, and even assuming a finding were made that application of the Guidelines as mandatory was plain or obvious error post *Booker*, defendant

cannot show prejudice, *i.e.*, cannot show any error affected his substantial rights because the record does not indicate the district court would have imposed a lower sentence had the court treated the Guidelines as advisory rather than mandatory.  In fact, the district court indicated it would have assessed a greater sentence of 60 months under an advisory guidelines system.  Given the lack of any indication in the record that the district court would have assessed a lesser sentence, defendant cannot demonstrate prejudice.

## Ineffective Assistance of Counsel

Defendant alleges he received ineffective assistance of trial counsel in that counsel failed to preserve his *Apprendi* and *Blakely* claims for appeal.  Defendant appears to argue counsel was ineffective in that "[t]here were no evidentiary hearings brought forth by defense counsel, no witnesses were ever called for exculpatory testimony, the 'factual' findings were NOT charged in his indictment, and were decided by a Sentencing Judge, without input from a jury of any type."

The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland* standard, a defendant must first show that defense counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.  *Id.*, 466 U.S. at 687.  Specifically, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances which existed at the time of counsel's conduct.  *Id.* at 688-90.  Second, a defendant must show that counsel's

deficient performance prejudiced the defense. To establish this second prong, a defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice. *Id.* at 693. Consequently, it is not enough for a defendant to show that the errors had some conceivable effect on the outcome of the proceeding. To establish prejudice in the context of a guilty plea, a defendant must show there is a reasonable probability that but for counsel's errors, defendant would not have pleaded guilty and, instead, would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

In reviewing an ineffective assistance of counsel claim, it is not necessary to first evaluate whether counsel's performance was deficient before examining whether defendant was prejudiced as a result of the alleged deficiencies. In fact, if a determination as to the prejudice prong is easier and disposes of an ineffectiveness claim, then that course should be followed. *Strickland v. Washington*, 466 U.S. at 698; *see also United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).

Defendant alleges counsel failed to preserve his *Apprendi* and *Blakely* claims for appeal. As noted above, defendant had no *Apprendi* claim to preserve. Counsel will not be found deficient for failing to make frivolous objections. Furthermore, defense counsel did, in fact, preserve defendant's *Blakely* claim by filing objections to the PSR on the basis of *Blakely*. No evidentiary hearing or witnesses were necessary to preserve error. Consequently, defendant's claims of ineffective assistance of counsel are without any merit and should be denied.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by

a Person in Federal Custody filed by defendant RICK BLANKENSHIP be, in all things, DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of March 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).